UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

PASTOR PAUL DOYLE, and
CLAY CLARK,

        Plaintiffs,

    v.                                    23-CV-71 (JLS) (HKS)

ATTORNEY GENERAL LETITIA
JAMES, in her individual and official
capacity,

        Defendant.

---

### DECISION AND ORDER

Pastor Paul Doyle and Clay Clark commenced this civil rights action against Attorney General Letitia James on January 1, 2023. Dkt. 1. Doyle—the "Senior Pastor at Cornerstone Church" in Batavia, New York, and Clark—the "coordinator and organizer of the Re[A]waken America Tour," assert that James committed "acts to deprive Plaintiffs of rights secured by the Constitution of the United States and the State of New York." *Id.* at 1-2. Specifically, they claim that she "attempt[ed] to covertly intimidate and threaten the Plaintiffs into shutting down" a ReAwaken America tour event planned to take place at Cornerstone Church. *Id.* ¶ 11.

Plaintiffs assert four causes of action: (1) First Amendment retaliation pursuant to 42 U.S.C. § 1983; (2) Defamation/Libel *Per Se*; (3) Violation of N.Y. Civil Rights Law § 40-c; and (4) Negligence. *Id.* ¶¶ 47-86. The case has been referred to United States Magistrate Judge H. Kenneth Schroeder for all proceedings under 28 U.S.C. §§ 636(b)(1)(A), (B), and (C). Dkt. 14.

On April 21, 2023, Defendant moved to dismiss. Dkt. 13. Plaintiffs opposed the motion, Dkt. 17, and Defendant replied. Dkt. 18. On March 20, 2024, Judge Schroeder issued a Report and Recommendation ("R&R"), recommending that:

> (1) Defendant's motion to dismiss (Dkt. #13) pursuant to Rule 12(b)(1) be denied; (2) Defendant's motion to dismiss (Dkt. #13) plaintiffs' First Amendment retaliation claims be granted as to defendant in her official capacity and denied in all other respects; (3) Defendant's motion to dismiss (Dkt. #13) plaintiffs' state law claims against her in her official capacity be granted; (4) Defendant's motion to dismiss (Dkt. #13) plaintiffs' claims for defamation and defamation by implication be denied; and (5) Defendant's motion to dismiss (Dkt. #13) plaintiffs' claims for violation of N.Y. Civil Rights Law § 40-c and negligence be granted.

Dkt. 20 at 41-42.

Defendant objected to the R&R. Dkt. 23. She argues that "this Court should reject the parts of the report and recommendation that recommend denial of the motion to dismiss and should dismiss the complaint in its entirety." *Id.* at 5. Plaintiffs did not file an opposition, and the time to do so has expired.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).

This Court carefully reviewed the R&R, the objections, and the relevant record. Based on its *de novo* review, the Court accepts and adopts Judge Schroeder's recommendations.

For the reasons stated above and in the R&R, Defendant's [13] motion is GRANTED in part and DENIED in part as set forth in the R&R. The case is referred back to Judge Schroeder pursuant to the April 24, 2023 referral order. *See* Dkt. 14.

SO ORDERED.

Dated: May 13, 2024
Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE