UNITED STATES DISTRICT COURT
FILED
NOV - 4 2026
ANDREW W. MOELLER, CLERK
WESTERN DISTRICT OF NY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PASTOR PAUL DOYLE, and
CLAY CLARK,

Plaintiffs,

v.

ATTORNEY GENERAL LETITIA JAMES, in her individual and official capacity,

Defendant.

23-CV-71 (JLS) (HKS)

## DECISION AND ORDER

Pastor Paul Doyle and Clay Clark commenced this civil rights action against Attorney General Letitia James on January 1, 2023. Dkt. 1. Doyle—the "Senior Pastor at Cornerstone Church" in Batavia, New York, and Clark—the "coordinator and organizer of the Re[A]waken Tour," assert that James committed "acts to deprive Plaintiffs of rights secured by the Constitution of the United States and the State of New York." *Id.* at 1-2.[1] Specifically, they claim that she "attempt[ed] to covertly intimidate and threaten the Plaintiffs into shutting down" a ReAwaken America tour event planned to take place at Cornerstone Church. *Id.* ¶ 11. The case has been referred to United States Magistrate Judge H. Kenneth Schroeder, Jr. for all proceedings under 28 U.S.C. §§ 636(b)(1)(A), (B), and (C). Dkt. 14.

---

[1] Page numbers refer to the CM/ECF generated numbering in the header of each page.

On April 21, 2023, Defendant moved to dismiss. Dkt. 13. On March 20, 2024, Judge Schroeder issued a Report and Recommendation recommending that:

> (1) Defendant's motion to dismiss (Dkt. #13) pursuant to Rule 12(b)(1) be denied; (2) Defendant's motion to dismiss (Dkt. #13) plaintiffs' First Amendment retaliation claims be granted as to defendant in her official capacity and denied in all other respects; (3) Defendant's motion to dismiss (Dkt. #13) plaintiffs' state law claims against her in her official capacity be granted; (4) Defendant's motion to dismiss (Dkt. #13) plaintiffs' claims for defamation and defamation by implication be denied; and (5) Defendant's motion to dismiss (Dkt. #13) plaintiffs' claims for violation of N.Y. Civil Rights Law § 40-c and negligence be granted.

Dkt. 20 at 41-42.

Defendant objected to the March 20, 2024 Report and Recommendation. Dkt. 23. On May 13, 2024, this Court accepted and adopted Judge Schroeder's recommendations and referred the case back to Judge Schroeder pursuant to the April 24, 2023 referral order. Dkt. 25.

On June 10, 2024, Defendant filed a notice of interlocutory appeal. Dkt. 30. On August 19, 2025, the Second Circuit, in a summary order, vacated this Court's order denying Defendant's motion to dismiss Plaintiffs' First Amendment Claim and remanded for reconsideration with the benefit of two decisions that were issued after this Court's ruling: *Nat'l Rifle Assoc. of Am. v. Vullo*, 602 U.S. 175 (2024), and *Nat'l Rifle Assoc. of Am. v. Vullo* ("*Vullo II*"), 144 F.th 376 (2d Cir. 2025). Dkt. 35. The Second Circuit also vacated this Court's denial of Defendant's motion to dismiss Plaintiff's defamation *per se* claim and stated that, if the Court reaches the merits of

the claim, it should analyze the claim in the context of several New York Court of Appeals decisions. *Id.*

On November 3, 2025, Defendant filed a renewed motion to dismiss in light of the Second Circuit decision. Dk. 40. On September 22, 2026, Judge Schroeder issued a Report and Recommendation ("R&R") recommending that Defendant's renewed motion to dismiss (Dkt. 40) be denied. Dkt. 47 at 38.

Defendant objected to the R&R. Dkt. 48. She argues that "th[is] Court should reject the portions of the Report and Recommendation recommending the denial of Defendant's motion to dismiss and, instead, grant Defendant's motion to dismiss." *Id.* at 21. Plaintiff opposed the objections, Dkt. 50, and Defendant replied, Dkt. 51.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).

This Court carefully reviewed the R&R, the objections, and the relevant record. Based on its *de novo* review, the Court accepts and adopts Judge Schroeder's recommendation.

For the reasons stated above and in the R&R, Defendant's [40] motion to dismiss is DENIED. The case is referred back to Judge Schroeder pursuant to the April 24, 2023 referral order. *See* Dkt. 14.

SO ORDERED

Dated: Buffalo, New York
November 4, 2026

JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE